E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
SARAH L. CRONIN (Cal. Bar No. 252624)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-3986
    Facsimile: (213) 894-7819
    E-mail: Sarah.Cronin@usdoj.gov

Attorneys for Defendant
Department of Homeland Security

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER POPOV,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF HOMELAND SECURITY,<br><br>    Defendant. | Case No. 2:23-cv-9001-AB-AJR<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SARAH CRONIN; AND DECLARATION OF JARROD PANTER**<br><br>Hearing Date:  May 17, 2024<br>Time:  10:00 a.m.<br>Ctrm.:  7B<br><br>Hon. Andre Birotte Jr.<br>United States District Judge |

**TABLE OF CONTENTS**

DESCRIPTION PAGE

TABLE OF AUTHORITIES ...................................................................................ii

NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT ......................................... iv

MEMORANDUM OF POINTS AND AUTHORITIES .......................................... 1

I. INTRODUCTION ............................................................................. 1

II. STATEMENT OF FACTS ................................................................ 1

III. STANDARD OF REVIEW IN FOIA CASES ................................. 3

IV. ARGUMENT .................................................................................... 5

    A. *Burton v. Wolf* is Instructive ................................................... 5

    B. USCIS Properly Withheld Information From the A-File of a Third-Party Individual ................................................................. 6

        1. Nature of the Records Withheld by USCIS ................. 6

        2. FOIA and USCIS Regulations Prohibit Release of the Information to Plaintiff ................................................. 6

        3. USCIS Properly Invoked FOIA Exemption 6 .............. 7

V. CONCLUSION .................................................................................. 9

# **TABLE OF AUTHORITIES**

DESCRIPTION                                                                                             PAGE

*Citizens Comm'n on Human Rights v. FDA*,
   45 F.3d 1325 (9th Cir. 1995) .................................................................................. 4

*Dep't of Justice v. Tax Analysts*,
   492 U.S. 136 (1989) ............................................................................................... 4

*DOJ v. Reporters Comm. for Freedom of the Press*,
   489 U.S. 749 (1989) ............................................................................................... 8

*Forest Serv. Employees for Envtl. Ethics v. U.S. Forest Serv.*,
   524 F.3d 1021 (9th Cir. 2008) .............................................................................. 8

*Kissinger v. Reporters Comm. for Freedom of Press*,
   445 U.S. 136 ....................................................................................................... 4, 5

*Kokkonen v. Guardian Life Ins. Co. of America*,
   511 U.S. 375 (1994) .............................................................................................. 4

*Kowack v. U.S. Forest Serv.*,
   766 F.3d 1130 (9th Cir. 2014) ........................................................................... 5, 6

*Lane v. Dept. of Interior*,
   523 F.3d 1128 (9th Cir. 2008) ........................................................................... 4, 5

*Lawrence v. Comm'r*,
   2000 WL 637351 (C.D. Cal. Mar. 2, 2000) ......................................................... 4

*Lewis v. IRS*,
   823 F.2d 375 (9th Cir. 1987) ................................................................................ 5

*Multi Ag Media v. United States Dep't of Agriculture*,
   515 F.3d 1224 (D.C. Cir. 2008) .................................................................... 7, 8, 9

*Nat'l Ass'n of Retired Fed. Employees* v. Horner,
   ("NARFE"), 879 F.2d 873 (D.C. Cir. 1989) ....................................................... 9

*Shannahan v. IRS*,
   672 F.3d 1142 (9th Cir. 2012) .............................................................................. 4

*Spurlock v. FBI*,
   69 F.3d 1010 (9th Cir. 1995) ................................................................................ 4

*Thornhill Publishing Co. v. General Tel. & Electronics Corp.*,
   594 F.2d 730 (9th Cir. 1979) ................................................................................ 4

*U.S. Dep't of State v. Ray*,
   502 U.S. 164 (1991) .............................................................................................. 5

*U.S. Dep't of State v. Wash. Post Co.*,
   456 U.S. 595 (1982) ..................................................................................... 5, 7, 8

*Weisberg v. U.S. Dep't of Justice*,
    627 F.2d 365 (D.C. Cir. 1980) ................................................................................ 5

*Yonemoto v. Department of Veterans Affairs*,
    686 F.3d 681 (9th Cir. 2012) .................................................................................. 4

*Zemansky v. U.S. EPA*,
    767 F.2d 569 (9th Cir. 1985) .................................................................................. 5

**Statutes**

5 U.S.C. §552 ........................................................................................................ 1, 3, 7

**Rules**

Federal Rule of Civil Procedure 12(b)(1) ................................................................ 1, 2

**Regulations**

6 C.F.R. § 5.21(f) ......................................................................................................... 7

6 C.F.R. § 5.3(a) .......................................................................................................... 7

# NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

PLEASE TAKE NOTICE that, on May 17, 2024, at 10:00 a.m., or as soon thereafter as they may be heard, Defendant Department of Homeland Security, by and through the United States Attorney for the Central District of California, will, and hereby does, move this Court for an order dismissing the Complaint with prejudice. This motion will be made in the First Street Federal Courthouse before the Honorable André Birotte Jr., United States District Judge, located at 350 W. 1st Street, Los Angeles, CA 90012, Courtroom 7B.

Defendant respectfully moves this Court to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1), on the ground that there is a lack of subject-matter jurisdiction because Plaintiff Peter Popov ("Plaintiff") has failed to show that Defendant has improperly withheld agency records. Alternatively, Defendant respectfully moves this Court for summary judgment pursuant to Federal Rule of Civil Procedure 56, on the grounds that there is no genuine dispute of material fact and Defendant is entitled to judgment on the entire case as a matter of law.

This motion is made upon this Notice, the attached Memorandum of Points and Authorities, the Declaration of Sarah Cronin, the Declaration of Jarrod Panter, and all pleadings, records, and other documents on file with the Court in this action, and upon such oral argument as may be presented at the hearing of this motion.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which was held on February 2, 2024. *See* attached Declaration of Sarah L. Cronin, ¶ 3.

| | | |
|---|---|---|
| 1 | Dated: February 20, 2024 | Respectfully submitted, |
| 2 | | E. MARTIN ESTRADA<br>United States Attorney |
| 3 | | DAVID M. HARRIS<br>Assistant United States Attorney |
| 4 | | Chief, Civil Division<br>JOANNE S. OSINOFF |
| 5 | | Assistant United States Attorney<br>Chief, Complex and Defensive Litigation Section |

/s/ *Sarah L. Cronin*
Sarah L. Cronin
Assistant United States Attorney

Attorneys for Defendant Department of Homeland Security

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, *et seq.*, Plaintiff Peter Popov ("Plaintiff") seeks the immigration records of his former business partner, Hrabar Todorov, without Mr. Todorov's consent. Plaintiff claims that Mr. Todorov "committed numerous frauds and felonies" which had gone "undetected by DHS" during Mr. Todorov's U.S. citizenship application process. The immigration records are located in Mr. Todorov's Alien File ("A-file") which is in the custody of the U.S. Citizenship and Immigration Services ("USCIS").

Defendant Department of Homeland Security ("Defendant" or "DHS") maintains that USCIS properly denied Plaintiff's FOIA request as it seeks personal identifying information about an individual that is subject to protection under FOIA Exemption 6. *See* 5 U.S.C. §552(b)(6). The release of such information would constitute a clearly unwarranted invasion of Mr. Todorov's personal privacy. Therefore, Defendant is not improperly withholding any documents and the Complaint should be dismissed with prejudice for a lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), or, in the alternative, Defendant is entitled to summary judgment with respect to all claims asserted by Plaintiff in this action.

## II. STATEMENT OF FACTS

On August 1, 2022, third-party individual Hrabar Todorov filed a lawsuit in Los Angeles Superior Court against Plaintiff alleging breach of contract, among other claims. (*See* attached Declaration of Jarrod Panter ("Panter Decl."), Ex. E.)

On June 22, 2023, Plaintiff submitted a FOIA request to USCIS through a form G-639, seeking the immigration file of Mr. Todorov. (Statement of Uncontroverted Fact ("SUF") 1.) Specifically, Plaintiff's request stated that he was "investigating the gross and criminal negligence committed by DHS in granting legal status and later US Citizenship of the subject of record [*i.e.*, Mr. Todorov] who has committed numerous frauds and felonies on the face of his applications." (SUF 2.) Plaintiff's FOIA request

was assigned case number NRC2023193494. (SUF 3)

After reviewing Plaintiff's FOIA request, the National Records Center ("NRC") personnel determined that based on the information being sought, any records in USCIS's control that were responsive to the request and subject to the FOIA, to the extent that they exist, would be located in an A-File pertaining to Mr. Todorov.[1] (SUF 4) The NRC based this determination on the fact that the A-File is the official record where all immigration transactions involving a particular individual are documented and stored as they pass through the immigration and inspection process. (SUF 6)

USCIS recognizes a significant privacy interest in an individual's immigration information. (SUF 7.) Thus, there are procedures in place to allow for disclosure of such information only under certain criteria. (SUF 8.) In order to obtain records pertaining to a third-party individual, a requester must provide written authorization and a signature from the third-party individual permitting disclosure of the records to the requester or otherwise demonstrate a cognizable public interest in the records that outweighs the individual's privacy interest. (SUF 8.)

In this case, Plaintiff did not provide written authorization from Mr. Todorov permitting the disclosure of records from his A-File to the Plaintiff. (SUF 9.)

Additionally, the NRC determined that the Plaintiff failed to set forth a cognizable public interest in the records that outweighed Mr. Todorov's significant privacy interest in his immigration records. (SUF 10.) While Plaintiff claimed that the release of Mr. Todorov's immigration records "will shed a direct light on DHS' failure to perform its statutory duties," the NRC determined that, even if the allegations raised by the Plaintiff were true, the isolated case fails to reach the threshold of constituting systematic or gross negligence by USCIS, nor does it shed light on the agency's operations. (SUF 11.) Accordingly, the NRC determined that releasing this information would not be

---

[1] An A-file is the official file for all immigration records created or consolidated by the government. (SUF 5; *see also* 82 Fed. Reg. 43556 (September 18, 2017).)

2

appropriate under the FOIA. (SUF 12.)

In a letter dated July 1, 2023, the NRC informed Plaintiff that the requested information, to the extent that it exists, must be withheld in full pursuant to 5 U.S.C. § 552(b)(6) of the FOIA. (SUF 13.)

In a letter dated August 29, 2023, Plaintiff administratively appealed the NRC's determination. (SUF 14.) Specifically, Plaintiff challenged USCIS's determination not to release information regarding Mr. Todorov and repeated the same public interest claims raised in the FOIA request. (SUF 14.)

The USCIS Appeals Office concurred with the NRC's determination, concluding that the Plaintiff's omission of written authorization from the subject of the records precludes the disclosure of A-file records. (SUF 15.) Furthermore, the Appeals Office determined that the Plaintiff did not substantiate a cognizable public interest under the FOIA of sufficient magnitude to supersede the inherent personal privacy interests of Mr. Todorov. (SUF 15.) The Appeals office also determined that the Plaintiff failed to establish the relevance of the information sought to public understanding, accountability, or scrutiny of government activities. (SUF 15.)

By letter dated September 6, 2023, the USCIS Appeals Office informed the Plaintiff that it had decided to close his case with no further action. (SUF 16.)

On October 23, 2023, Plaintiff filed his Complaint in the instant action. (Dkt. 1.)

**III.   STANDARD OF REVIEW IN FOIA CASES**

Under the FOIA, an agency's decision to withhold information from a FOIA requester is subject to *de novo* review by the courts. 5 U.S.C. § 552(a)(4)(B). The agency bears the burden of justifying the nondisclosure of documents and establishing that particular documents are exempt from disclosure. *Lane v. Dept. of Interior*, 523 F.3d 1128, 1135-36 (9th Cir. 2008); *Citizens Comm'n on Human Rights v. FDA*, 45 F.3d 1325, 1328 (9th Cir. 1995). To meet its burden, the agency may rely on declarations and other evidence which show that the documents are exempt from disclosure. *Lane*, 523 F.3d at 1135-36. Courts "accord substantial weight to an agency's declarations regarding

the application of a FOIA exemption" where the justifications for nondisclosure are not controverted by contrary evidence in the record or by evidence of agency bad faith. *Shannahan v. IRS*, 672 F.3d 1142, 1148 (9th Cir. 2012).

The FOIA's statutory language makes federal jurisdiction dependent upon a showing that an agency has (1) "improperly," (2) "withheld," (3) "agency records." *Spurlock v. FBI*, 69 F.3d 1010, 1015 (9th Cir. 1995) (*quoting Kissinger v. Reporters Comm. for Freedom of Press*, 445 U.S. 136, 150n (1980)). "Unless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements." *Id.* (*quoting Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989)). Thus, the Court only has jurisdiction over agency records or documents that are improperly withheld.

A court may dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1). Plaintiff has the burden of showing that jurisdiction is proper. *Thornhill Publishing Co. v. General Tel. & Electronics Corp.*, 594 F.2d 730 (9th Cir. 1979). A lack of jurisdiction is presumed until the Plaintiff proves otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *see Lawrence v. Comm'r*, 2000 WL 637351, at *3 (C.D. Cal. Mar. 2, 2000) (granting Rule 12(b)(1) motion to dismiss FOIA complaint with prejudice based on finding that IRS had not improperly withheld agency records).

Alternatively, because the facts are rarely in dispute in FOIA cases, they are often decided on motions for summary judgment. *See Yonemoto v. Department of Veterans Affairs*, 686 F.3d 681, 688 (9th Cir. 2012); *Lane*, 523 F.3d at 1134. A defendant is entitled to summary judgment in a FOIA case when it demonstrates that no material facts are in dispute, that it has conducted an adequate search for responsive records, and that each responsive record that it has located has either been produced or is exempt from disclosure. *Weisberg v. U.S. Dep't of Justice*, 627 F.2d 365, 368 (D.C. Cir. 1980); *see also Zemansky v. U.S. EPA*, 767 F.2d 569, 571 (9th Cir. 1985); *Kissinger*, 445 U.S. at 150. Summary judgment may be granted solely on the basis of agency affidavits or

declarations if they contain reasonably detailed descriptions of the documents and allege facts sufficient to establish an exemption. *See Lane*, 523 F.3d at 1136, *citing Lewis v. IRS*, 823 F.2d 375, 378 (9th Cir. 1987) ("district court need look no further").

## IV. ARGUMENT

### A. *Burton v. Wolf* is Instructive

The Ninth Circuit's decision in *Burton v. Wolf* – while unpublished – is instructive here because it dealt with a similar situation. 803 Fed.Appx. 120, 121 (2020). In *Burton*, the plaintiff sought records from immigration proceedings involving his estranged wife without her consent. *Id.* Plaintiff argued that in light of the dismissal of the civil and criminal cases against him for domestic abuse of his estranged wife, disclosure of the records would "shed light" on whether the government acted properly on his estranged wife's immigration petition which may have been based on her allegations that she was being abused by the plaintiff. *Id.* at 121-22.

The Ninth Circuit affirmed the district court's holding that the records contained in a person's A-File are exempt from disclosure under FOIA's Exemption 6 as records similar to "personnel and medical files" that implicate nontrivial privacy interests. *Id.* at 121 (citing *U.S. Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 598 (1982); *U.S. Dep't of State v. Ray*, 502 U.S. 164, 175–76 (1991); *Kowack v. U.S. Forest Serv.*, 766 F.3d 1130, 1133 (9th Cir. 2014)). The Ninth Circuit then looked to whether the plaintiff had established that the disclosure of the information would advance a significant public interest. *Id.* at 121. The Ninth Circuit rejected the plaintiff's argument that disclosing his estranged wife's A-File would advance a significant public interest, reasoning that the disclosure of personal information in an isolated case would not constitute a significant advancement of the public's understanding of DHS's performance of its statutory duties. *Id.* at 122. Further, the Ninth Circuit pointed out that the plaintiff had not provided any evidence of government impropriety in connection with the processing of the plaintiff's estranged wife's immigration petition. *Id.*

Likewise, even if all of Plaintiff's allegations regarding Mr. Todorov as true, the

disclosure of Mr. Todorov's A-File, an isolated case, would not constitute a significant advancement of the public's understanding of USCIS's performance of its statutory duties. Accordingly, as in *Burton*, Plaintiff has failed to demonstrate a significant public interest that would supersede the personal privacy interests of Mr. Todorov in his A-File.

**B.    USCIS Properly Withheld Information From the A-File of a Third-Party Individual**

**1.    Nature of the Records Withheld by USCIS**

An A-File is the official record system that contains information regarding transactions involving an individual as they pass through the U.S. immigration and inspection process. (SUF 6.) USCIS is the custodian of all A-Files and the system manager for the Alien File/Central Index System. (SUF 5, 6.) Here, Plaintiff's FOIA request clearly sought information contained in the immigration file of Mr. Todorov, without Mr. Todorov's permission. He specifically requested "[a]ll supporting documents and notes accompanying" Mr. Todorov's application for naturalization and various petitions allegedly made by Mr. Todorov. (SUF 1.) After reviewing Plaintiff's request, USCIS determined that based on the information being sought, any responsive records in its control would be located in Mr. Todorov's A-File. (SUF 4.)

**2.    FOIA and USCIS Regulations Prohibit Release of the Information to Plaintiff**

Under the FOIA, USCIS is prohibited from releasing Mr. Todorov's information without his written consent. (SUF 8.) USCIS is also prohibited from releasing information from Mr. Todorov's A-file under DHS regulations which set forth the rules and procedures that must be followed by persons requesting DHS records. *See* 6 C.F.R. § 5.3(a) ("If you are making a request for records about another individual, either a written authorization signed by that individual permitting disclosure of those records to you or proof that that individual is deceased (for example, a copy of a death certificate or an obituary) must be submitted.") and 6 C.F.R. § 5.21(f) ("If you are making a request for records concerning an individual on behalf of that individual, you must provide a

statement from the individual verifying the identity of the individual as provided in paragraph (d) of this section. You must also provide a statement from the individual certifying the individual's agreement that records concerning the individual may be released to you.").

USCIS advised Plaintiff that his request was deficient because it failed to: (1) contain a signed, written authorization from Mr. Todorov permitting disclosure of the records to Plaintiff, or (2) establish a clear demonstration that the public interest in disclosure outweighed Mr. Todorov's personal privacy interest and that significant public benefit would result from the disclosure of the requested records. (SUF 13, 15, 16.) Accordingly, USCIS properly denied Plaintiff's FOIA request. (*Id.*)

### 3.     **USCIS Properly Invoked FOIA Exemption 6**

FOIA Exemption 6 permits the government to withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Application of Exemption 6 requires a two-step inquiry. *See Multi Ag Media v. United States Dep't of Agriculture*, 515 F.3d 1224, 1228 (D.C. Cir. 2008). First, the requested record must be deemed a personnel file, a medical file, or a similar file. *Id.* Second, the Court considers whether disclosure "would constitute a clearly unwarranted invasion of personal privacy." *Id.* (*quoting* 5 U.S.C. § 552(b)(6)).

The first step has been construed broadly to cover essentially all information sought from government records that "appl[y] to a particular individual." *United States Dep't of State v. Washington Post Co.*, 456 U.S. 595, 602 (1982) (explaining that Exemption 6 was "intended to cover detailed Government records on an individual which can be identified as applying to that individual.") (*quoting* H.R. Rep. No. 89-1497, at 11 (1966)); *see also Forest Serv. Employees for Envtl. Ethics v. U.S. Forest Serv.*, 524 F.3d 1021, 1024 (9th Cir. 2008) (stating that the threshold test of Exemption 6 is satisfied when government records contain information applying to particular individuals); *see also Burton*, 803 Fed.Appx. (unpub.) at 121 ("DHS correctly concluded

7

that the records contained in the A-File are exempted from disclosure as records similar to "personnel and medical files."). Because A-Files and records of immigration court and bond proceedings are government records that contain information that "applies to a particular individual" and could result in "injury and embarrassment" if disclosed, the first step of the inquiry is satisfied. *Dep't of State v. Washington Post*, 456 U.S. at 602.

At the second step, the Court must balance "the privacy interest that would be compromised by disclosure against any public interest in the requested information." *Multi Ag Media*, 515 F.3d at 1228. The Court must first examine whether disclosure of the information would compromise a substantial privacy interest, although the word substantial "means less than it might seem" and encompasses "anything greater than a *de minimis* privacy interest." *Id.* at 1229–30.

There is a significant privacy interest in any information that can be used to identify an individual and/or their legal status, including an individual's immigration information. The Supreme Court has held that the privacy interests recognized by FOIA Exemption 6 belong "to the individual, not the agency holding the information." *DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 763-65 (1989). Here, Plaintiff requested "[a]ll supporting documents and notes accompanying" Mr. Todorov's application for naturalization and various immigration petitions allegedly made by Mr. Todorov. (SUF 1.) Essentially, he seeks access to information contained in any forms that Mr. Todorov submitted in relation to his immigration status or that may have been discussed during immigration proceedings. Release of such information would constitute a clearly unwarranted invasion of Mr. Todorov's personal privacy. Accordingly, the privacy interest at stake is substantial, and is subject to the protection of Exemption 6.

Having established the privacy interest at stake, the Court must weigh protection of that interest through nondisclosure "against the public interest in the release of the records." *Multi Ag Media*, 515 F.3d at 1230 (*quoting Nat'l Ass'n of Retired Fed. Employees v. Horner* ("NARFE"), 879 F.2d 873, 874 (D.C. Cir. 1989)). If no public interest is found, then withholding the information is proper, even if the privacy interest

8

is only modest. *See, e.g., NARFE*, 879 F.2d at 879 ("[S]omething, even a modest privacy interest, outweighs nothing every time.").

Here, Defendant found that Plaintiff's articulated public interest was not a valid one, *i.e.*, "shed[ding] a direct light on DHS' failure to perform its statutory duties" in detecting the allegedly disqualifying activities of Mr. Todorov, because the release of an isolated individual's immigration records would not shed light on the agency's operations. (SUF 11.) Plaintiff did not disclose that he had been sued by Mr. Todorov prior to making his FOIA request for Mr. Todorov's immigration records. (Panter Decl., *Id.*, ¶9, fn. 3.) However, more importantly, Plaintiff's personal interest in Mr. Todorov's immigration records in connection with a separate lawsuit is not a cognizable public interest under the FOIA.

Accordingly, Defendant properly withheld the requested information pursuant to Exemption 6 of the FOIA.

## V. CONCLUSION

For the reasons set forth above, Defendant respectfully requests that the Court grant its Rule 12(b)(1) motion to dismiss or, in the alternative, motion for summary judgment with respect to Plaintiff's FOIA request. USCIS properly invoked agency regulations and Exemption 6 in denying Plaintiff's FOIA request and Plaintiff cannot demonstrate a public interest in the disclosure of information contained in his ex-business partner's immigration file sufficient to overcome Mr. Todorov's privacy interests. Absent a public interest in disclosure, Mr. Todorov's privacy interests must prevail and prevent disclosure.

Dated: February 20, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

    /s/ Sarah L. Cronin
Sarah L. Cronin
Assistant United States Attorney

Attorneys for Defendant
Department of Homeland Security

## Certificate of Compliance under L.R. 11-6.2

The undersigned, counsel of record for Defendant, certifies that this brief contains 2,944 words, which complies with the word limit of L.R. 11-6.1.

Dated: February 20, 2024

    /s/ Sarah L. Cronin
Sarah L. Cronin
Assistant United States Attorney

Attorneys for Defendant
Department of Homeland Security