E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
SARAH L. CRONIN (Cal. Bar No. 252624)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-3986
    Facsimile: (213) 894-7819
    E-mail: Sarah.Cronin@usdoj.gov

Attorneys for Defendant
Department of Homeland Security

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER POPOV,<br><br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY,<br><br>    Defendant. | Case No. 2:23-cv-9001-AB-AJR<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date:  May 17, 2024<br>Time:  10:00 a.m.<br>Ctrm.:  7B<br><br>Hon. André Birotte Jr.<br>United States District Judge |

## I. INTRODUCTION

Plaintiff's Opposition (Dkt. 21), also styled as a cross motion for summary judgement,[1] fails to meet his burden to establish that the public interest in disclosing third-party Hrabar Todorov's immigration records (*i.e.*, his A-File) outweighs Mr. Todorov's privacy interest such that Plaintiff can overcome the application of Exemption 6 to his request under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, *et seq*. Plaintiff argues that he has demonstrated a public interest in Mr. Todorov's A-File by submitting documents gathered in connection with a separate lawsuit between himself and Mr. Todorov that he claims proves Mr. Todorov committed marriage fraud and sold cannabis while applying for citizenship in the United States. Even if Plaintiff's allegations about Mr. Todorov were true – a finding that is impossible to make based on the current record – the law is clear that the disclosure of an isolated case would not satisfy the public interest requirement. Accordingly, the release of Mr. Todorov's A-File would constitute a clearly unwarranted invasion of his privacy.

## II. ARGUMENT

In FOIA cases, this Court considers two basic issues: (1) whether there is an adequate factual basis on which to base a decision; and (2) whether an exemption to FOIA applies. *See Minier v. CIA*, 88 F.3d 796, 800 (9th Cir. 1996). Here, Defendant met its burden of establishing that any "forms, petitions, applications, statements or declarations" contained in Mr. Todorov's A-file were exempt from disclosure pursuant to FOIA Exemption 6, based on the Declaration of Jarrod Panter ("Panter Decl."). *See Church of Scientology v. United States Dep't of the Army*, 611 F.2d 738, 742 (9th Cir. 1979) (if the agency supplies a reasonably detailed affidavit, then the district court need look no further). Plaintiff concedes that it is his burden to establish that the disclosure of

---

[1] Plaintiff failed to seek leave from the Court prior to filing a cross-motion for summary judgment, as required by the Court's Standing Order. Dkt. 9 at 6. Plaintiff also failed to meet and confer with counsel for Defendant prior to filing his "Cross Motion for Summary Judgement," as required by Local Rule 7-3.

1  Mr. Todorov's A-File would serve the public interest, but he has failed to do so. *See* Dkt.
2  21 at 17:24-25 ("The burden of establishing that disclosure would serve the public
3  interest is on the requester.") (citing *National Archives and Records Admin. v. Favish*,
4  124 S. Ct. 1570, 1582 (2004)).

        A.    **The Requested Records Were Properly Analyzed Under FOIA Exemption 6**

        FOIA Exemption 6 permits the government to withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Application of Exemption 6 requires a two-step inquiry. *See Multi Ag Media v. United States Dep't of Agriculture*, 515 F.3d 1224, 1228 (D.C. Cir. 2008). First, the requested record must be deemed a personnel file, a medical file, or a similar file. *Id.* Second, the Court considers whether disclosure "would constitute a clearly unwarranted invasion of personal privacy." *Id.* (*quoting* 5 U.S.C. § 552(b)(6)).

        Plaintiff appears to concede that the first step in the Exemption 6 analysis has been met, *i.e.*, that Mr. Todorov's A-File is a "similar file" to "a personnel file [or] a medical file." *See* Dkt. 21 at 16:22:24 ("The case law overwhelmingly supports the Exemption 6 private interest of Hrabar TODOROV subject to this FOIA request such as his name, addresses, SSN, etc., which his immigration file consists of."). The case law also overwhelmingly supports a finding that Mr. Todorov's A-File is a "similar file" to "a personnel file [or] a medical file." *See U.S. Dept. of Justice v. Reporters Committee For Freedom of Press*, 489 U.S. 749, 750 (1989*) (where the information is in the government's control as a compilation of facts about private citizens, the privacy interest is at its apex, while the FOIA-based interest in disclosure is at its nadir); *see also United States Dep't of State v. Washington Post Co.*, 456 U.S. 595, 602 (1982) (explaining that Exemption 6 was "intended to cover detailed Government records on an individual which can be identified as applying to that individual.") (*quoting* H.R. Rep. No. 89-1497, at 11 (1966)); *see also Forest Serv. Employees for Envtl. Ethics v. U.S. Forest*

*Serv.*, 524 F.3d 1021, 1024 (9th Cir. 2008) (stating that the threshold test of Exemption 6 is satisfied when government records contain information applying to particular individuals); *see also Burton v. Wolff*, 803 Fed. Appx. 120, 121 (2020) (FOIA's Exemption 6 applies to a person's A-File as records similar to "personnel and medical files"). Even the district court decision in *Muchnick v. DHS*, which Plaintiff argues is instructive here, held that a third-party individual's A-File qualifies as "personnel and medical files and similar files" under Exemption 6.

Accordingly, the first step of the Exemption 6 analysis has been met as to Mr. Todorov's A-File.

### B. Plaintiff has not Demonstrated a Public Interest in Mr. Todorov's A-File that Would Outweigh Mr. Todorov's Privacy Interest

Plaintiff claims that he has demonstrated a public interest in Mr. Todorov's A-File by submitting documents he alleges proves Mr. Todorov committed marriage fraud and sold cannabis under California law while applying for citizenship in the United States. Dkt. 21 at 2-12. Plaintiff's argument misses the point. Even fully crediting Plaintiff's purported evidence against Mr. Todorov, the disclosure of Mr. Todorov's A-File still would not constitute a significant advancement of the public's understanding of USCIS's performance of its statutory duties because it is a single incident. *Hunt v. F.B.I.*, 972 F.2d 286, 289 (9th Cir. 1992) (denying FOIA request because the "single file sought by Hunt will not shed any light on whether all such FBI investigations are comprehensive or whether sexual misconduct by agents is common."). As stated by the Ninth Circuit in *Hunt,* "[t]he FOIA is aimed at subjecting governmental activity to public scrutiny <u>while protecting individual privacy</u>." *Id.* (Emphasis added). Mr. Todorov is a private individual and the disclosure of his A-File, even if Plaintiff is correct about his alleged crimes, would not shed any light on how USCIS conducts its immigration investigations

generally.²

Plaintiff cites *Muchnick v. DHS* as instructive. Dkt. 21 at 22-23. *Muchnick* involved a journalist investigating sexual abuse in amateur sports who had requested the A-File of a former Irish Olympic team swimming coach who had entered the United Staes amidst a sex abuse scandal alleging that he had sexually abused multiple young girls. 225 F.Supp.3d 1069, 1073 (2016). The journalist suspected that the American Swimming Coaches Association had "greased the wheels" for the coach's relocation from Ireland to the United States. *Id.* As an initial matter, the court held that the coach's A-File qualified as "personnel and medical files and similar files" under Exemption 6. *Id.* at 1075. The court then balanced whether the threatened invasion of privacy of the coach outweighed the public's interest. *Id.* The court reasoned that the coach had no privacy interest in the widely known allegations of his alleged crimes because a simple Google search of the coach's name would turn up the details of the allegations and there was even a book detailing the allegations written by an award-winning journalist available for purchase on Amazon. *Id.* at 1076, n. 6. The court held that because the criminal allegations were widely known, the agency had to disclose the documents, or portions of documents, about the coach's alleged crimes, the dates such documents were created, and decisions regarding the immigration benefits the coach sought, but could continue to withhold identifying information about third-parties other than the coach, the coach's past addresses, salary history, A-number, and the like. *Id.* at 1078.

Here, Mr. Todorov's alleged crimes are not publicly known, indeed, it appears that only Plaintiff purports to know about them. Accordingly, unlike the allegations of sexual

---

² It is unclear whether Plaintiff's lawsuits against Mr. Todorov are ongoing. *See* Dkt. 21-3 (Popov Decl.). However, to the extent Plaintiff is using his FOIA request as a means of discovery in a separate lawsuit, such a purpose is not a recognized public interest for purposes of FOIA. *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 144 & n. 10 (1975) (FOIA is not designed "to benefit private litigants"); *United States v. Weber Aircraft Corp.*, 465 U.S. 792, 801 (1984) (rejecting construction of FOIA that would allow it to be used to supplement civil discovery).

abuse in *Muchnick*, the alleged crimes Plaintiff seeks to disclose through Mr. Todorov's A-File are not publicly known and neither is the other information Plaintiff is requesting from his A-File. Dkt. 21 at 12:1-2 ("The immigration file of Hrabar TODOROV is necessary also to obtain all reported addresses the couple lived at while Hrabar was married ….").

Similarly, Plaintiff's reliance on *National Archives and Records Admin. v. Favish*, to establish a public interest does not help him.[3] Dkt. 21 at 17-20. *Favish* concerned a journalist's FOIA request for death-scene photos taken of the deputy counsel to a sitting United States president, Vince Foster, who had died by apparent suicide. 541 U.S. 157, 160-61 (2004). Unlike here, the Supreme Court in *Favish* recognized "as significant the asserted public interest in uncovering deficiencies or misfeasance in the Government's investigations into Foster's death." *Id.* at 173. The Court then went on to set forth the standard to substantiate the public interest claim, evidence that would warrant a belief by a reasonable person that the alleged government impropriety had occurred. *Id.* at 173-74. The court reiterated that requesters "must establish more than a bare suspicion in order to obtain disclosure." *Id.* at 174. *See also United for FBI Integrity v. U.S. Dept. of Justice*, No. CV 22-2885 (RC), 2024 WL 961001, at *11 (D.D.C. Mar. 6, 2024). Here, Plaintiff has failed to establish a public interest in Mr. Todorov's alleged crimes in the first place. Mr. Todorov is a private person, not someone on the national stage.

Finally, Plaintiff reads *Burton v. Wolf* too narrowly. Dkt. 21 at 21-22. *Burton* is instructive because it is a Ninth Circuit decision in the unusual case of the A-File of a third-party individual who is neither publicly known nor personally involved in a public controversy being requested through the FOIA. *Burton*, 803 Fed. Appx. at 122. Plaintiff

---

[3] Plaintiff's reliance on *Shannahan v. I.R.S.*, 672 F.3d 1142 (9th Cir. 2012) is confusing. Dkt. 21 at 13-14. *Shannahan* concerned a couple who had been charged with criminal tax evasion and whose attorney was requesting documents related to the couple's tax issues from the IRS. The case did not involve Exemption 6 or any discussion of weighing the "public interest" against a third-party privacy interest.

5

claims that *Burton* helps him because of the court's statement that the plaintiff in *Burton* had not provided any evidence of impropriety in connection with the processing of his estranged wife's immigration petition. *Id.* But the court follows that statement with: "Nor does he suggest any reason why the disclosure of personal information in an isolated case would constitute an 'appreciable' or 'significant' advancement of the public's understanding of DHS's performance of its statutory duties." *Id.* The same is true here – Plaintiff has failed to demonstrate how disclosure of immigration records in this isolated case, even if his allegations were true, would constitute an appreciable or significant advancement of the public's understanding of DHS's performance of its statutory duties.

The disclosure of Mr. Todorov's A-File would shed no light on the public's understanding of Defendant's performance of its statutory duties. Rather, this information, assuming it exists, is a compilation of information about a private citizen that happens to be found in a government file. This is exactly the type of information the Supreme Court found not to be in the public interest. *See Reporters Committee*, 489 U.S. at 780. While Plaintiff may have a strong personal interest in disclosure,[4] he has not demonstrated a significant public interest in disclosure of the specific information at issue. Thus, the requested records are exempt from disclosure under FOIA Exemption 6.

## III.  CONCLUSION

For the reasons set forth above, Defendant respectfully requests that the Court grant Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment and Deny Plaintiff's Cross Motion for Summary Judgment.

---

[4] Plaintiff has submitted evidence that he "became outraged" when he learned of Mr. Todorov's alleged crimes. Dkt. 21-3 at 1.

Dated: April 12, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

/s/ *Sarah L. Cronin*
Sarah L. Cronin
Assistant United States Attorney

Attorneys for Defendant Department of Homeland Security

**Certificate of Compliance under L.R. 11-6.2**

The undersigned, counsel of record for Defendant, certifies that this brief contains 2,052 words, which complies with the word limit of L.R. 11-6.1.

Dated: April 12, 2024

/s/ *Sarah L. Cronin*
Sarah L. Cronin
Assistant United States Attorney

Attorneys for Defendant
Department of Homeland Security