E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
SARAH L. CRONIN (Cal. Bar No. 252624)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-3986
    Facsimile: (213) 894-7819
    E-mail: Sarah.Cronin@usdoj.gov

Attorneys for Defendant
Department of Homeland Security

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER POPOV,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF HOMELAND SECURITY,<br><br>    Defendant. | Case No. 2:23-cv-9001-AB-AJR<br><br>**DEFENDANT'S RESPONSE TO STATEMENT OF GENUINE DISPUTES**<br><br>Hearing Date:  May 17, 2024<br>Time:  10:00 a.m.<br>Ctrm.:  7B<br><br>Hon. André Birotte Jr.<br>United States District Judge |

RESPONSE TO STATEMENT OF GENUINE DISPUTES

| SUF No. | Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| 1. | Plaintiff submitted a FOIA request to USCIS through form G-639, seeking "[a]ll supporting documents and notes accompanying" Hrabar Todorov's application for naturalization and various immigration petitions.<br><br>Evidence: Panter Decl., ¶ 5, Ex. A. | 1. Undisputed. |
| 2. | Plaintiff's FOIA request stated that he was "investigating the gross and criminal negligence committed by DHS in granting legal status and later US Citizenship of the subject of record who has committed numerous frauds and felonies on the face of his applications."<br><br>Evidence: Panter Decl., ¶ 5, Ex. A. | 2. Undisputed. |
| 3. | Plaintiff's FOIA request was assigned case number NRC2023193494.<br><br>Evidence: Panter Decl., ¶ 10, Ex. B. | 3. Undisputed. |
| 4. | After reviewing Plaintiff's FOIA request, the National Records Center ("NRC") personnel determined that based on the information being sought, any records in USCIS's control that were responsive to the request and subject to the FOIA, to the extent that they exist, would be located in an A-File pertaining to Mr. Todorov.<br><br>Evidence: Panter Decl., ¶ 6. | 4. Undisputed. |
| 5. | An A-file is the official file for all immigration records created or consolidated by the government.<br><br>Evidence: Panter Decl., ¶ 6, fn. 1. | 5. Undisputed. |

1

| | | |
|---|---|---|
| 6. | The A-file is the official record where all immigration transactions involving a particular individual are documented and stored as they pass through the immigration and inspection process.<br><br>Evidence: Panter Decl., ¶ 6. | 6. Undisputed. |
| 7. | USCIS recognizes a significant privacy interest in an individual's immigration information.<br><br>Evidence: Panter Decl., ¶ 7, fn. 2. | 7. Disputed, legal argument. |

7. Moving Party's Response: This is not a legal argument, rather, it is a statement of fact regarding USCIS's process when reviewing a FOIA request for a third-party individual's immigration file.

Moreover, to the extent Plaintiff is also disputing the fact, the Court should deem this fact undisputed under L.R. 56-2, which provides: "For each disputed fact, [Plaintiff's] Statement of Genuine Disputes must provide pinpoint citations (including page and line numbers, if available) to evidence in the record that support the claims that the fact is disputed." Because Plaintiff has not cited to any evidence, "[t]he Court is not obligated to look any further in the record for supporting evidence other than what is actually and specifically referenced in . . . the Statement of Genuine Disputes . . . ." and "the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy." L.R. 56-4.

| | | |
|---|---|---|
| 8. | There are procedures in place to allow for disclosure of an individual's immigration records. Specifically, a requester must provide written authorization and a signature from the third-party individual permitting disclosure of the records to the requester, or otherwise demonstrate a cognizable public interest in the records that outweighs the individual's privacy interest.<br><br>Evidence: Panter Decl., ¶ 8. | 8. Disputed, legal argument. Defendant made no balance test in its rejection of Plaintiff's request.<br><br>Evidence: Exh. A and B |

8. Moving Party's Response: This is not a legal argument, rather, it is a statement of fact regarding USCIS's process when reviewing a FOIA request for a third-party individual's immigration file.

Moreover, Plaintiff fails to rebut the stated fact with any contravening evidence. The NRC sent Plaintiff a final determination letter stating: "To determine whether the disclosure of personal information would constitute an unwarranted invasion of personal privacy, Exemption 6 requires the government to balance the privacy interests of individuals that would be compromised by disclosure of government records about them against the public interest in release of the records. The only relevant public interest to be considered is the extent to which the requested information sheds light on the agency's performance of its statutory duties. Where the privacy interest outweighs the public, the information is protected from disclosure. In the absence of written authorization permitting disclosure of the records to you, proof that the subject is deceased, or a demonstration of a public interest that would outweigh the subject's privacy interest, you are not entitled to the requested records under the FOIA." Dkt. 17-3, Panter Decl., Ex. D.

| | | |
|---|---|---|
| 9. | Plaintiff did not provide written authorization from Mr. Todorov permitting the disclosure of immigration records to the Plaintiff.<br><br>Evidence: Panter Decl., ¶ 9. | 9. Undisputed. |
| 10 | The NRC determined that the Plaintiff failed to set forth a cognizable public interest in the records that outweighed Mr. Todorov's significant privacy interest in his immigration records.<br><br>Evidence: Panter Decl., ¶ 9. | 10. Disputed, legal argument. Defendant never applied the balance test to weight the public interest against individual private interest. Defendant never considered any of Plaintiff's numerous evidence in support of his claim that the public interest in granting Mr. Todorov a green card and later US Citizenship in just 55 days, although he has committed numerous felonies including a void marriage and drug dealings on the face of his immigration applications, outweighs significantly his private interest in protecting his false and fraudulent entries and statements.<br><br>Evidence: |

| | | |
|---|---|---|
| | | Plaintiff's Complaint; Exh. C through N; Defendant Exh. E, ¶25 and ¶32; |
| | 10. Moving Party's Response: This is not a legal argument, rather, it is a statement of fact regarding USCIS's determination in response to Plaintiff's FOIA request.<br><br>Moreover, Plaintiff fails to rebut the stated fact with any contravening evidence. The NRC sent Plaintiff a final determination letter stating: "To determine whether the disclosure of personal information would constitute an unwarranted invasion of personal privacy, Exemption 6 requires the government to balance the privacy interests of individuals that would be compromised by disclosure of government records about them against the public interest in release of the records. The only relevant public interest to be considered is the extent to which the requested information sheds light on the agency's performance of its statutory duties. Where the privacy interest outweighs the public, the information is protected from disclosure. In the absence of written authorization permitting disclosure of the records to you, proof that the subject is deceased, or a demonstration of a public interest that would outweigh the subject's privacy interest, you are not entitled to the requested records under the FOIA." Dkt. 17-3, Panter Decl., Ex. D.<br><br>Plaintiff's referenced exhibits do not contravene the agency's stated reason for the determination here. Dkt. 1, Compl., Exhibits C-N; Dkt., 17-3, Panter Decl., Exhibit E, ¶¶ 25, 32. Plaintiff's Complaint is not evidence. | |
| 11 | While Plaintiff claimed that the release of Mr. Todorov's immigration records "will shed a direct light on DHS' failure to perform its statutory duties," the NRC determined that, even if the allegations raised by the Plaintiff were true, the isolated case fails to reach the threshold of constituting systematic or gross negligence by USCIS, nor does it shed light on the agency's operations.<br><br>Evidence: Panter Decl., ¶ 9. | 12. [sic] Disputed, legal argument. Plaintiff's allegations disclosing the gross criminal negligence and misconduct of Agency's different departments for continuing period of seven years resulting to a clear threat of the National Security are far from "an isolated case".<br><br>Evidence:<br>Plaintiff Complaint;<br>Exh. C through N; |
| | 11. Moving Party's Response: This is not legal argument, rather, it is a statement of fact regarding USCIS's determination in response to Plaintiff's FOIA request. | |

4

| | | |
|---|---|---|
| | Moreover, Plaintiff fails to rebut the stated fact with any contravening evidence. The NRC sent Plaintiff a final determination letter stating: "To determine whether the disclosure of personal information would constitute an unwarranted invasion of personal privacy, Exemption 6 requires the government to balance the privacy interests of individuals that would be compromised by disclosure of government records about them against the public interest in release of the records. The only relevant public interest to be considered is the extent to which the requested information sheds light on the agency's performance of its statutory duties. Where the privacy interest outweighs the public, the information is protected from disclosure. In the absence of written authorization permitting disclosure of the records to you, proof that the subject is deceased, or a demonstration of a public interest that would outweigh the subject's privacy interest, you are not entitled to the requested records under the FOIA." Dkt. 17-3, Panter Decl., Ex. D.<br><br>Plaintiff's referenced exhibits do not contravene the agency's stated reason for the determination here. Dkt. 1, Compl., Exhibits C-N; Dkt., 17-3, Panter Decl., Exhibit E, ¶¶ 25, 32. Plaintiff's Complaint is not evidence. | | |
| 12 | The NRC determined that releasing the information requested by Plaintiff's FOIA request would not be appropriate under the FOIA.<br><br>Evidence: Panter Decl., ¶ 9. | 12. Disputed, legal argument; Plaintiff's extended evidence clearly warrants the release of Mr. Todorov immigration file because the public interest outweighs significantly his private interest in protecting his false and fraudulent entries and statements.<br><br>Evidence:<br>Plaintiff Complaint;<br>Exh. C through N; |
| | 12. Moving Party's Response: This is not a legal argument, rather, it is a statement of fact regarding USCIS's determination in response to Plaintiff's FOIA request.<br><br>Moreover, Plaintiff fails to rebut the stated fact with any contravening evidence. Further, the Court should deem this fact undisputed under L.R. 56-2, which provides: "For each disputed fact, [Plaintiff's] Statement of Genuine Disputes must provide pinpoint citations (including page and line numbers, if available) to evidence in the record that support the claims that the fact is disputed." Because Plaintiff has not cited to any evidence, "[t]he Court is not obligated to look any further in the record for supporting evidence other than what is actually and specifically referenced in . . . the | | |

5

Statement of Genuine Disputes . . . ." and "the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy." L.R. 56-4.

Plaintiff's referenced exhibits do not contravene the agency's stated reason for the determination here. Dkt. 1, Compl., Exhibits C-N; Dkt., 17-3, Panter Decl., Exhibit E, ¶¶ 25, 32. Plaintiff's Complaint is not evidence.

Plaintiff's response also includes a legal conclusion that is addressed in Defendant's Motion and Reply.

| | | |
|---|---|---|
| 13 | In a letter dated July 1, 2023, the NRC informed Plaintiff that the requested information, to the extent that it exists, must be withheld in full pursuant to 5 U.S.C. § 552(b)(6) of the FOIA.<br><br>Evidence: Panter Decl., ¶ 10, Ex. B. | 13. Undisputed. |
| 14 | In a letter dated August 29, 2023, Plaintiff administratively appealed the NRC's determination.<br><br>Evidence: Panter Decl., ¶ 11, Ex. C. | 14. Undisputed. |
| 15 | The USCIS Appeals Office concurred with the NRC's determination, concluding that the Plaintiff did not substantiate a cognizable public interest under the FOIA of sufficient magnitude to supersede the inherent personal privacy interests of Mr. Todorov, and that the Plaintiff failed to establish the relevance of the information sought to public understanding, accountability, or scrutiny of government activities.<br><br>Evidence: Panter Decl., ¶ 12, Ex. D. | 15. Disputed, legal argument. In addition, this is not the language of the USCIS Appeal Office decision. It's a blank denial without any reasoning and balancing the facts and evidence of the public interest against Mr. Todorov private interest.<br><br>Evidence: Exh. A |

15. Moving Party's Response: This is not a legal argument, rather, it is a statement of fact regarding USCIS's determination in response to Plaintiff's FOIA request.

Moreover, Plaintiff fails to rebut the stated fact with any contravening evidence. The NRC sent Plaintiff a final determination letter stating: "To determine whether the

| | | |
|---|---|---|
| | disclosure of personal information would constitute an unwarranted invasion of personal privacy, Exemption 6 requires the government to balance the privacy interests of individuals that would be compromised by disclosure of government records about them against the public interest in release of the records. The only relevant public interest to be considered is the extent to which the requested information sheds light on the agency's performance of its statutory duties. Where the privacy interest outweighs the public, the information is protected from disclosure. In the absence of written authorization permitting disclosure of the records to you, proof that the subject is deceased, or a demonstration of a public interest that would outweigh the subject's privacy interest, you are not entitled to the requested records under the FOIA." Dkt. 17-3, Panter Decl., Ex. D. | |
| 16 | By letter dated September 6, 2023, the USCIS Appeals Office informed the Plaintiff that it had decided to close his case with no further action.<br>Evidence: Panter Decl., ¶ 13, Ex. D. | 16. Undisputed. |

Dated: April 12, 2024         Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section


          /s/ Sarah L. Cronin
Sarah L. Cronin
Assistant United States Attorney

Attorneys for Defendant
Department of Homeland Security